THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES DEAN MEZO, Defendant-Appellee (David Lawrence Mifflin, Defendant).

Fifth District   No. 5—86—0530

Opinion filed May 20, 1988.—Rehearing denied June 15, 1988.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Debra A. Seaton, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE CALVO delivered the opinion of the court:

The State appeals from the trial court's suppression of evidence obtained in a search of defendant James D. Mezo incident to arrest. The facts are as follows.

On December 7, 1985, at approximately 2:05 a.m., Carbondale police officer Robert Ledbetter observed a small, white 1982 Chevrolet pickup truck traveling at a high rate of speed. Ledbetter then followed at a uniform distance so he could determine the truck's rate of speed. After determining that the vehicle was traveling in excess of the posted speed limit, he activated the flashing lights on his squad car and stopped the truck. Immediately after the truck came to a

stop, but before Ledbetter had come to a stop, the driver got out and walked toward Ledbetter, arriving at Ledbetter's door before Ledbetter could get out. Ledbetter then got out of the squad car and asked the driver, David Mifflin, for his driver's license. Although he had only stopped Mifflin for a speeding violation and was not in fear for his personal safety, Ledbetter believed that Mifflin's act of immediately getting out of his truck and coming to the squad car door was suspicious enough to warrant further investigation. After obtaining Mifflin's driver's license, Ledbetter went to the driver's side of the truck to tell Mifflin's passenger, the defendant, to step out. Ledbetter testified that upon opening the driver's side door, he saw a Ziplock baggie which contained cannabis on the driver's side of the bench seat. According to defendant, Ledbetter lifted a coat off the seat to discover the cannabis. Ledbetter then placed Mifflin and defendant under arrest. While searching defendant incident to arrest, Ledbetter discovered a small bag of cannabis and a set of metal knuckles. Mifflin was charged with speeding and unlawful possession of cannabis (*i.e.*, the cannabis found in the truck); defendant was charged with unlawful possession of cannabis (*i.e.*, the cannabis found on his person) and unlawful use of weapons.

At Mifflin's bench trial for possession of cannabis, the trial court determined that Ledbetter did not possess probable cause to look inside Mifflin's truck. Accordingly, the cannabis found in the truck was ordered suppressed. The State then dismissed the cannabis charge against Mifflin. At defendant's subsequent bench trial, the trial court determined that the cannabis and metal knuckles found in defendant's possession at the time of his arrest had to be suppressed because defendant's arrest was tainted by the initial illegal search of Mifflin's truck. The State appeals, contending that defendant lacks standing to challenge the illegal search of Mifflin's truck.

In *People v. James* (1987), 118 Ill. 2d 214, 514 N.E.2d 998, the defendant (James) implicated himself only after being told that his accomplice (Meeks) had implicated him. It was thereafter determined that Meeks had implicated himself and James after being illegally arrested; consequently, the statements Meeks made after arrest were suppressed as to Meeks as "fruit of the poisonous tree." (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) James alleged that the statements he made implicating himself should be suppressed because they were obtained as a direct result of Meeks' illegal arrest. On these facts our supreme court concluded that James lacked standing to assert Meeks' unlawful arrest as a ground to suppress the statements James made implicating himself. In doing so the

court noted:

> "Here, the victim of the illegal arrest, Meeks, has standing to seek suppression of the fruit of that arrest. He has, in fact, successfully done so. James, on the other hand, may be aggrieved by the admission of the product of *someone's* illegal arrest, but his *personal* privacy rights have not been violated." (Emphasis in original.) *James*, 118 Ill. 2d at 226, 514 N.E.2d at 1003.

■■ ■ Although the instant defendant was subject to search and seizure only because of the illegal search of Mifflin's truck, defendant's personal privacy rights were not violated by the illegal search of Mifflin's truck. Thus, as in *James*, defendant lacks standing to raise the illegality. The judgment of the circuit court is therefore reversed, with the cause remanded for further proceedings.

Reversed and remanded.

HARRISON, P.J., and LEWIS, J., concur.